UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA ALVAREZ,

    Plaintiff,

v.                                      Case No. 8:19-cv-1044-T-33SPF

LAKELAND AREA MASS TRANSIT
DISTRICT,

    Defendant.

_____/

**<u>ORDER</u>**

This matter is before the Court on consideration of Defendant Lakeland Area Mass Transit District's Motion to Dismiss the Amended Complaint (Doc. # 21), filed on June 11, 2019. Plaintiff Brenda Alvarez filed a response in opposition on July 2, 2019. (Doc. # 27). For the reasons that follow, the Motion is granted.

**I.**   **<u>Background</u>**

Alvarez worked for the District as a senior financial reporting analyst from May 31, 2016, to October 20, 2017. (Doc. # 16 at 2). She "is a member of protected classes due to her gender (female), her age (over 40), and because she reported [the District's] unlawful employment activities and was subject to retaliation thereafter." (<u>Id.</u> at 1). Alvarez

1

insists she was a satisfactory employee. (Id. at 2). Alvarez alleges "[t]he disparate treatment and retaliation came at the hands of specifically, but not limited to, David Persaud, [the District's] CFO; Steven Schaible, [the District's] human resources ('HR') director; and Tom Phillips, [the District's] executive director." (Id.).

Persaud supervised Alvarez and "demeaned and ridiculed [her] repeatedly and publicly in multiple staff meetings, and in the presence of [her] professional colleagues" — allegedly because of Alvarez's gender and age. (Id. at 2). Persaud "micro-manage[d], intimidate[d] and bull[ied]" Alvarez; for example, he "glared menacingly and excessively at [Alvarez] when in proximity to her." (Id. at 3). The Complaint also alleges that Persaud treated various male or younger female employees better than he treated Alvarez, even when those other employees did not perform satisfactorily. (Id. at 3-4).

So, in July 2017, Alvarez made a formal complaint to Phillips in which she "addressed the hostile work environment [she] experienced due to Persaud's gender-based and age-based animus, and to Persaud's inappropriate, improper, and illegal actions and work-place conduct." (Id. at 5). The next day, Alvarez met with Schaible — the HR director — to discuss the

specifics of her formal complaint against Persaud. (Id. at 5).

But "Persaud's hostile, improper and illegal conduct toward [Alvarez] continued and intensified, causing [her] to suffer severe anxiety and emotional distress." (Id. at 5). Alvarez believes "Persaud's amplified post-Complaint hostile conduct toward [her] was in retaliation for [her] complaint and was intended to force [her] to resign." (Id.). When Alvarez did not resign, "Persaud simply excluded [her] from staff and grant meetings, thereby interfering with [Alvarez's] ability to competently and successfully perform the essential duties and functions of her position," and committed other allegedly retaliatory conduct. (Id.).

Additionally, according to the Complaint, the District's human resources department and internal equal employment investigator failed to properly investigate Alvarez's formal complaint against Persaud. (Id. at 6). Schaiable then "directed negative written evaluations of [Alvarez's] job performance." (Id.). Alvarez was also "denied a promised increase in compensation." (Id.).

Alvarez's health began to suffer, allegedly as a result of the discriminatory and retaliatory actions she faced. (Id.). She was required "to submit leave requests for

3

physician and other health care related appointments." (Id.). But Alvarez "was the only salaried employee required to submit leave requests for these type appointments." (Id.).

In September 2017, Alvarez "submitted documentation for the second time notifying Schaible that she was filing for Family and Medical Leave Act (FMLA) benefits." (Id. at 6-7). Schaible contacted Alvarez on October 13, 2017, "threaten[ing] to terminate [her] if she failed to provide additional documentation . . . by October 20, 2017." (Id. at 7). Because of this, Alvarez quit, which she claims was a constructive termination. (Id.). Alvarez's replacement was a 41-year-old woman. (Id.).

Alvarez initiated this action in state court on January 15, 2019. (Doc. # 4-1). The District removed the case to this Court on April 30, 2019. (Doc. # 4). When the District moved to dismiss the Complaint (Doc. # 6), Alvarez filed an Amended Complaint. (Doc. # 16). The Amended Complaint contains six counts: Count I labelled "Gender-Based Disparate Treatment," under Title VII and Florida's Civil Rights Act (FCRA); Count II labelled "Age-Based Disparate Treatment," under the FCRA and the Age Discrimination in Employment Act (ADEA); Count III labelled "Constructive Discharge," under the FCRA, Title VII, and the ADEA; Count IV labelled "Retaliation," under the

4

FCRA, Title VII, and the ADEA; Count V for FMLA interference; and Count VI for FMLA retaliation. (Doc. # 16).

Now, the District moves to dismiss the Amended Complaint. (Doc. # 21). Alvarez has responded (Doc. # 27), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review

must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

III. **Analysis**

The District seeks dismissal on the grounds that the Amended Complaint is an impermissible shotgun complaint and that the Amended Complaint fails to state plausible claims for relief under the various statutes. Because the Court agrees the Amended Complaint is a shotgun pleading, the Court need only address this argument.

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014)(footnotes omitted). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e]

6

into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

The District contends the Amended Complaint is a shotgun complaint for multiple reasons. First, the District argues the Amended Complaint impermissibly incorporates the general allegations into each count without specifying which general allegations are relevant to the legal theory underlying each count. (Doc. # 21 at 4). But this does not render the Amended Complaint a shotgun complaint. It is perfectly acceptable that each count of the Amended Complaint incorporates all of the general factual allegations, so long as the counts do not incorporate the allegations of the previous counts. See Weiland, 792 F.3d at 1324 ("[Plaintiff's] re-alleging of paragraphs 1 through 49 [from the fact section] at the

7

beginning of each count looks, at first glance, like the most common type of shotgun pleading. But it is not.").

However, the District's other argument has merit. The District insists the Amended Complaint is a shotgun complaint because it combines claims under different statutes into one count. (Doc. # 21 at 4). For example, Count I is labelled "Gender-Based Disparate Treatment," and attempts to bring claims under both Title VII and the FCRA. (Doc. # 16 at 7-9). Counts II, III, and IV are also brought under multiple statutes. (Id. at 9-12). This is impermissible. See Weiland, 792 F.3d at 1322-23 (identifying "a complaint that does 'not separat[e] into a different count each cause of action or claim for relief'" as a shotgun complaint); see also Gregory v. City of Tarpon Springs, No. 8:16-cv-237-T-33AEP, 2016 WL 2961558, at *2 (M.D. Fla. May 23, 2016)("Count I is brought under two federal statutes — 42 U.S.C. §§ 1983 and 1985 — and attempts to assert claims under four Amendments to the United States Constitution, as well as referencing the Constitution of the State of Florida. Simply put, Count I is a hodgepodge of potential claims and constitutes an impermissible shotgun pleading.").

Therefore, the Amended Complaint must be dismissed and repled with a separate count for each claim brought under a

different statute. "Each count should be labelled with the title of the claim." Madak v. Nocco, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *2 (M.D. Fla. Dec. 10, 2018). Furthermore, the Court agrees with the District that it would be easier to understand if Alvarez pled her different Title VII theories — gender discrimination and hostile work environment — in different counts, even though both claims arise under the same statute.

"Because the [Amended] Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." Id. at *3; see also Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017)("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Lakeland Area Mass Transit District's Motion to Dismiss the Amended Complaint (Doc. # 21) is **GRANTED.**
(2) The Amended Complaint is **DISMISSED** as a shotgun complaint.

(3) Alvarez may file a second amended complaint that is not a shotgun complaint by **July 12, 2019**. Failure to file a second amended complaint by that date will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of July, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE