## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BRENDA ALVAREZ,**                              **CASE NO.:  8:19-cv-01044-VMC-SPF**

     **Plaintiff,**

**v.**

**LAKELAND AREA MASS**
**TRANSIT DISTRICT,**

     **Defendant.**
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, BRENDA ALVAREZ, hereby sues Defendant,  LAKELAND AREA MASS

TRANSIT DISTRICT, and alleges:

### NATURE OF THE ACTION

1.      This is an action brought under 42 U.S.C. §2000e, *et seq*., 29 U.S.C. §621, *et seq*.,

29 U.S.C. §§2612, 2624, and Chapter 760, Fla.Stats.

2.      This action involves claims which are valued, individually, in excess of fifteen

thousand dollars ($15,000), exclusive of costs and interest.  This case was removed to this

Court by the Defendant.

### PARTIES

3.      At all times pertinent hereto, Plaintiff, BRENDA ALVAREZ, has been a resident

of Florida and was employed by Defendant. Plaintiff is a member of protected classes due to her

gender (female), her age (over 40), and because she reported Defendant's unlawful employment

activities and was subject to retaliation thereafter.

4.      At all times pertinent hereto, Defendant, LAKELAND AREA MASS TRANSIT

DISTRICT (the "DISTRICT"), has been organized and existing under the laws of Florida. At all

times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer in connection with the claims set forth herein.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF ULTIMATE FACTS

6.      Plaintiff, a sixty-two (62) year old female, began in Defendant's employ on May 31, 2016, as a senior financial reporting analyst, and held this position until her wrongful constructive termination on October 20, 2017.

7.      Although Plaintiff had not received a performance evaluation for well over a year, Plaintiff's sole performance evaluation rated her "satisfactory."

8.      During her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to   different standards because of her gender (female), her age (over 40) and because she reported Defendant's unlawful employment practices and was subject to retaliation thereafter.

9.      The disparate treatment and retaliation came at the hands of specifically, but not limited to, David Persaud, Defendant's chief financial officer ("CFO"); Steven Schaible, Defendant's human resources ("HR") director; and Tom Phillips, Defendant's executive director.

10.      At all times pertinent hereto, Plaintiff was supervised by and reported to Persaud.  While she was under his supervision, Persaud demeaned and ridiculed Plaintiff repeatedly and  publicly in multiple staff meetings, and in the presence of Plaintiff's professional colleagues.  This demeaning treatment caused Plaintiff tremendous embarrassment and emotional distress.   Persaud treated Plaintiff in this manner due to her gender and/or her age.

2

11.     Persaud exercised his supervisory authority over Plaintiff to micro-manage, intimidate, and bully her. By way of example, Persaud often glared menacingly and excessively  at Plaintiff when in proximity to her which frightened and unnerved Plaintiff while she was trying to work.

12.     In addition, Persaud sent Plaintiff harassing email communications, and interfered  with Plaintiff's work-related discussions with others in the workplace. Persaud did not treat male employees or younger female employees in the manner he treated Plaintiff.

13.     By way of example, Persaud did not send Debbie Moore (forty-seven (47) year  old female) the same emails to intimidate and continually check up on her, and he did not  embarrass or demean Moore during meetings.

14.     As another example, Persaud did not send Daisy Mangarris, (forty-five (45) year old female) demeaning and unpleasant emails. Persaud also granted Mangarris a raise after thirty (30) days, whereas Plaintiff did not receive a raise after working for a full year. Mangarris was often absent from work when she was first hired; however, Persaud had no concerns with her absences. In fact, Mangarris was compensated for her time off even though she had not completed her probationary period. Conversely, when Plaintiff was absent for a single day after six months of perfect attendance, Persaud sent her a disrespectful email.

15.     Further, Elizabeth Roch (thirty-seven (37) year old female) was found knitting while sitting at her desk. However, Persaud failed to reprimand Roch. Roch has since been relocated to another office, but Persaud has been made aware that in her reassigned role, she continued to fail to perform her job duties.

16.     Marci Harrison (a female who is between forty to fifty (40-50) years of age) often came to  the office and left as she pleased with little supervision or questioning regarding her whereabouts. In fact, on several occasions, Plaintiff asked where Harrison was located and no

one knew of her whereabouts.

17.    Persaud also does not treat male employees in the same manner. By way of example, Rodney Wetzel (fifty (50) year old male) was often out of the office for extended periods of time without Persaud questioning his whereabouts. Consistent with such disappearances, on a number of occasions when Plaintiff asked for Wetzel's assistance, Persaud refused to allow Wetzel to assist Plaintiff. Moreover, Wetzel's office was often dark and he was not present when needed.

18.    On one occasion when Plaintiff asked Wetzel about the requirement of a leave form when he took time off to care for his wife, Wetzel told Plaintiff that as a salaried employee, he did not have to complete a leave form. However, Plaintiff was required to submit such forms in order to take leave. Thus, either there was a company requirement that such forms be filled out, honored in the breach and enforced only against Plaintiff; or there was no such company requirement but one was divined out of whole cloth when Plaintiff wanted to request leave.

19.    As a salaried employee, just as was the case for Plaintiff, Wetzel was in fact required to complete a leave form for his absences. The fact that Wetzel was not aware of this requirement demonstrates that a wholly different standard was applied to him in connection with the submission of forms in order to take time off.

20.    Other male employees, including but not limited to Carmello l/n/u and another information technology ("IT") employee whose name is not known (both twenty-two to twenty-five (22-25) year old males), were behind schedule on their work tasks. However, Persaud never humiliated or bullied them in a staff meeting for failing to meet deadlines. Another employee,

John Satchell (fifty (50) year old male), also enjoyed the privileges of never having faced humiliation at the hands of Persaud.

21.     In July 2017, Plaintiff met with Phillips in his office and made a formal complaint. Plaintiff's complaint addressed the targeted mistreatment Plaintiff experienced due to Persaud's gender-based and age-based animus, and to Persaud's inappropriate, improper, and illegal actions and work-place conduct.

22.     The day after Plaintiff met with Phillips, Schaible called Plaintiff into a meeting in his office to discuss the specific concerns Plaintiff had expressed to Phillips the previous day.  During this meeting, Schaible questioned Plaintiff regarding the specifics of the complaint  Plaintiff made to Phillips about Persaud's improper and illegal actions and conduct based on age and gender.

23.     As a direct result of Plaintiff's complaints to Phillips and Schaible, Persaud's hostile, improper and illegal conduct toward Plaintiff continued and intensified, causing Plaintiff  to suffer severe anxiety and emotional distress, at times suffering physical symptoms of the anxiety and distress.  Persaud's amplified post-Complaint hostile  conduct toward Plaintiff was in retaliation for Plaintiff's complaint and was intended to force Plaintiff to resign because of the unbearable hostility towards her.

24.     When Persaud failed to secure Plaintiff's resignation through his hostilities, Persaud simply excluded Plaintiff from staff and grant meetings, thereby interfering with Plaintiff's ability to competently and successfully perform the essential duties and functions of  her position.

25.     Persaud further retaliated against Plaintiff for her complaint of discrimination by assigning another employee to interrogate Plaintiff with respect to grant related billing and

invoices over an extended fifteen (15)-month period, an exercise designed to harass and intimidate Plaintiff. As previously stated, Persaud did not treat male or younger female employees in this manner.

26.    In addition, Schaible failed to conduct a proper investigation into Plaintiff's complaint, including but not limited to allegations of Defendant's gender-based disparate treatment, and age-based disparate treatment.   Furthermore, the investigation of Plaintiff's complaint by Marci Harrison, Defendant's internal EEOC investigator, was not conducted properly after Harrison was appointed by Schaible to complete the investigation of Plaintiff's complaint. More specifically, Harrison lacked independence as she was supervised and reported to Schaible at all times.

27.    After Schaible and Harrison's failed investigation, Schaiable directed negative written evaluations of Plaintiff's job performance. Prior to this time, Plaintiff had had received no negative or derogatory personnel actions, and her personnel file did not contain evidence to the contrary.

28.    Plaintiff suffered additional retaliation for her complaints when she was denied a  promised increase in compensation. Prior to making her complaint, Plaintiff was promised a raise by Phillips; however, in retaliation for making the complaints, Plaintiff never received the  promised increase.

29.    Plaintiff's health suffered as the direct result of the discriminatory treatment, and retaliatory actions taken by Persaud, Schaible and Phillips. In  further retaliation against Plaintiff for filing the complaints, Persaud required Plaintiff to submit leave requests for physician and other health care related appointments. As previously stated, Plaintiff was the only salaried employee required to submit leave requests for these type appointments.

30.     On or about September 18, 2018, Plaintiff submitted documentation for the second time notifying Schaible that she was filing for Family and Medical Leave Act ("FMLA") benefits. Plaintiff had already requested FMLA leave and provided notice and documentation to Schaible; however, upon information and belief, Schaible denied receiving the submission of Plaintiff's first set of FMLA documentation.

31.     On or about October 13 2017, Plaintiff received a response from Schaible regarding her second request for FMLA leave. In his response, Schaible threatened to terminate Plaintiff if she failed to provide additional documentation regarding her FMLA request by October 20 2017. At that time, Plaintiff had submitted all of the documents she was provided to submit which were supported by the proper signatures and information.

32.     Plaintiff could no longer endure the targeted mistreatment as she was suffering from significant stress which was adversely affecting her health due to the discriminatory and retaliatory treatment. She, therefore, had no other alternative but to resign. Essentially, Defendant, through Schaible, retaliated against Plaintiff for her complaints and discriminated against her based on her gender and age, such discrimination and retaliation culminating in her constructive termination on October 20 2017. No reasonable person would have remained in that work environment under these circumstances.

33.     After Defendant constructively terminated Plaintiff, Defendant hired Sholpan Grover (forty-one (41) or forty-two (42) year old female) as her replacement.

34.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a reasonable fee for these services. Defendant should be made to pay said fee, along with costs incurred in connection with this action, under applicable law.

## COUNT I-GENDER-BASED DISPARATE TREATMENT – TITLE VII

35.     Paragraphs 1-12 and 17-34 above are re-alleged and incorporated.

36.     This count sets forth a claim for gender-based disparate treatment brought under  42 U.S.C. §2000e, *et seq*.

37.     Specifically and without limitation 42 U.S.C. §2000e-2(a)(1) states that "[i]t shall be an unlawful employment practice for an employer… to discriminate against any individual with respect to <u>compensation</u>, <u>terms</u>, <u>conditions</u>, or <u>privileges</u> of employment because of such individual's… sex." (Emphasis added).

38.     Specifically and without limitation 42 U.S.C. §2000e-2(a)(2) states that ""[i]t shall be an unlawful employment practice for an employer… to limit, segregate, or classify his employees… for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's… sex."

39.     Plaintiff has been the victim of disparate treatment on the basis of her gender in that Plaintiff was treated differently than similarly situated male employees of Defendant on the basis, at least in part, of her gender.

40.     Defendant is liable for the differential treatment of because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should  have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

41.     Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

42.     Defendant knowingly allowed and/or ratified the actions and inactions constituting the disparate treatment of Plaintiff.

43.     In essence, the actions of agents of Defendant, which were each condoned and/or  ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

44.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at  least in part, to Plaintiff's constructive discharge.

45.     Defendant's acts and omissions constituted intentional discrimination and  unlawful employment practices based upon gender.

46.     As a direct and proximate result of Defendant's conduct described above, Plaintiff  has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,  inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along  with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

**COUNT II-GENDER-BASED DISPARATE TREATMENT – FCRA**

47.     Paragraphs 1-12 and 17-34 above are re-alleged and incorporated.

48.     This count sets forth a claim for gender-based disparate treatment brought under Chapter 760, Fla.Stats.

49.     Specifically and without limitation FL Stat § 760.10(1)(a) states that it is "an unlawful employment practice for an employer to… discriminate against any individual with respect to <u>compensation</u>, <u>terms</u>, <u>conditions</u>, or <u>privileges</u> of employment because of such

9

individual's…sex." (Emphasis added).

50.    Specifically and without limitation FL Stat § 760.10(1)(b) states that it is "an unlawful employment practice for an employer to limit…employees… in any way which would deprive or tend to deprive an individual of employment opportunities or adversely affect any individual's status as an employee, because of such individual's… sex."

51.    Plaintiff has been the victim of disparate treatment on the basis of her gender in that Plaintiff was treated differently than similarly situated male employees of Defendant on the basis, at least in part, of her gender.

52.    Defendant is liable for the differential treatment of because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

53.    Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

54.    Defendant knowingly allowed and/or ratified the actions and inactions constituting the disparate treatment of Plaintiff.

55.    In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

56.    The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive discharge.

57.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender.

58.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is  also entitled to equitable/injunctive relief under this count.

## COUNT III-AGE-BASED DISPARATE TREATMENT - ADEA

59.     Paragraphs 1-34 above are re-alleged and incorporated.

60.     This count sets forth a claim for disparate treatment based upon age, brought under 29 U.S.C. §621, et seq.

61.     Specifically and without limitation 29 U.S.C. §623(a)(1) states that "[i]t shall be unlawful for an employer… to… discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's age." (Emphasis added).

62.     Specifically and without limitation 29 U.S.C. §623(a)(2) states that "[i]t shall be unlawful for an employer… to… limit, segregate, or classify his employees in any way which would deprive or tend to deprive an individual of employment opportunities or adversely affect [her] status as an employee, because of such individual's age."

63.     Plaintiff has been the victim of disparate treatment on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to adverse treatment on the basis, at least in part, of her age.

64.    Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in the same.

65.    Defendant knowingly allowed and ratified the actions and inactions constituting disparate treatment of Plaintiff.

66.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.  The actions against Plaintiff were willful.

67.    The disparate treatment complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant, and led to her constructive discharge.

68.    Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon age in violation of 29 U.S.C. §621, et seq.

69.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count

and all damages available under the ADEA based on willful violations by Defendant.

## COUNT IV-AGE-BASED DISPARATE TREATMENT - FCRA

70.     Paragraphs 1-34 above are re-alleged and incorporated.

71.     This count sets forth a claim for disparate treatment based upon age, brought under Chapter 760, Fla.Stats.

72.     Specifically and without limitation FL Stat § 760.10(1)(a) states that it is "an unlawful employment practice for an employer to… discriminate against any individual with respect to <u>compensation</u>, <u>terms</u>, <u>conditions</u>, or <u>privileges</u> of employment because of such individual's…age." (emphasis added).

73.     Specifically and without limitation FL Stat § 760.10(1)(b) states that it is "an unlawful employment practice for an employer to limit, segregate, or classify employees… in any way which would deprive or tend to deprive an individual of employment opportunities or adversely affect any individual's status as an employee, because of such individual's… age."

74.     Plaintiff has been the victim of disparate treatment on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to adverse treatment on the basis, at least in part, of her age.

75.     Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and

participated in the same.

76.     Defendant knowingly allowed and ratified the actions and inactions

constituting disparate treatment of Plaintiff.

77.     In essence, the actions of agents of Defendant, which were each condoned and

ratified by Defendant, were of an age-based nature and in violation of the laws set forth

herein.

78.     The disparate treatment complained of herein affected terms, conditions, and

privileges of Plaintiff's continued employment by Defendant, and led to her constructive

discharge.

79.     Defendant's acts and omissions constituted intentional discrimination and

unlawful employment practices based upon age in violation of Chapter 760, Fla.Stats.

80.     As a direct and proximate result of Defendant's conduct described above,

Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary

losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-

pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other

benefits. These damages have occurred in the past, are occurring at present, and will likely

continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

## COUNT V-CONSTRUCTIVE DISCHARGE – TITLE VII

81.     Paragraphs 1-34 above are re-alleged and incorporated.

82.     This count sets forth a claim for constructive discharge, brought under 42

U.S.C. §2000e, et seq.

83.     The actions, inactions, and hostility of Defendant, through its agents and

employees, was of so severe a nature as to constitute, individually and collectively, bases for

14

Plaintiff's constructive discharge.

84.    Based on such actions, inactions, and hostility, Plaintiff was constructively discharged, as no reasonable person would have remained in Defendant's employ and continued to report to a position in the work environment created and perpetuated by Defendant, due to all of the mistreatment and hostility to which she was subjected to, set forth in part above.

85.    Defendant is liable for the constructive discharge of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

86.    Furthermore, Defendant knowingly condoned and/or ratified the constructive discharge of Plaintiff as more fully set forth above because it allowed the actions, inactions, and hostility constituting the basis for same and participated in same.

87.    Defendant knowingly allowed and/or ratified the actions, inactions, and hostility to which Plaintiff was subjected.

88.    In essence, the actions, inactions, and hostility of agents of Defendant constituting, individually and collectively, bases for Plaintiff's constructive termination, were each condoned and/or ratified by Defendant, and in violation of the laws set forth herein.

89.    The actions, inactions, and hostility to which Plaintiff was subjected, constituting the bases for her constructive termination, affected terms, conditions, and privileges of her continued employment by Defendant.

90.    As a direct and proximate result of Defendant's constructive discharge described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and

future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non- pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

## COUNT VI-CONSTRUCTIVE DISCHARGE - ADEA

91.    Paragraphs 1-34 above are re-alleged and incorporated.

92.    This count sets forth a claim for constructive discharge, brought under 29 U.S.C. §621, et seq.

93.    The actions, inactions, and hostility of Defendant, through its agents and employees, was of so severe a nature as to constitute, individually and collectively, bases for Plaintiff's constructive discharge.

94.    Based on such actions, inactions, and hostility, Plaintiff was constructively discharged, as no reasonable person would have remained in Defendant's employ and continued to report to a position in the work environment created and perpetuated by Defendant, due to all of the mistreatment and hostility to which she was subjected to, set forth in part above.

95.    Defendant is liable for the constructive discharge of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

96.    Furthermore, Defendant knowingly condoned and/or ratified the constructive discharge of Plaintiff as more fully set forth above because it allowed the actions, inactions, and hostility constituting the basis for same and participated in same.

97.    Defendant knowingly allowed and/or ratified the actions, inactions, and hostility to which Plaintiff was subjected.

98.    In essence, the actions, inactions, and hostility of agents of Defendant constituting, individually and collectively, bases for Plaintiff's constructive termination, were each condoned and/or ratified by Defendant, and in violation of the laws set forth herein.

99.    The actions, inactions, and hostility to which Plaintiff was subjected, constituting the bases for her constructive termination, affected terms, conditions, and privileges of her continued employment by Defendant.

100.    As a direct and proximate result of Defendant's constructive discharge described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non- pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

## COUNT VII-CONSTRUCTIVE DISCHARGE - FCRA

101.    Paragraphs 1-34 above are re-alleged and incorporated.

102.    This count sets forth a claim for constructive discharge, brought under Chapter 760, Fla.Stats.

103.    Specifically and without limitation FL Stat § 760.10(7) states that it is

104.    The actions, inactions, and hostility of Defendant, through its agents and employees, was of so severe a nature as to constitute, individually and collectively, bases for Plaintiff's constructive discharge.

105.    Based on such actions, inactions, and hostility, Plaintiff was constructively

discharged, as no reasonable person would have remained in Defendant's employ and continued to report to a position in the work environment created and perpetuated by Defendant, due to all of the mistreatment and hostility to which she was subjected to, set forth in part above.

106.    Defendant is liable for the constructive discharge of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

107.    Furthermore, Defendant knowingly condoned and/or ratified the constructive discharge of Plaintiff as more fully set forth above because it allowed the actions, inactions, and hostility constituting the basis for same and participated in same.

108.    Defendant knowingly allowed and/or ratified the actions, inactions, and hostility to which Plaintiff was subjected.

109.    In essence, the actions, inactions, and hostility of agents of Defendant constituting, individually and collectively, bases for Plaintiff's constructive termination, were each condoned and/or ratified by Defendant, and in violation of the laws set forth herein.

110.    The actions, inactions, and hostility to which Plaintiff was subjected, constituting the bases for her constructive termination, affected terms, conditions, and privileges of her continued employment by Defendant.

111.    As a direct and proximate result of Defendant's constructive discharge described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non- pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other

benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

## COUNT VIII-RETALIATION – TITLE VII

112.     Paragraphs 1-34 above are re-alleged and incorporated.

113.     This count sets forth a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under 42 U.S.C. §2000e, et seq.

114.     Specifically and without limitation 42 U.S.C. §2000e-3(a) states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees… because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

115.     The foregoing unlawful actions by Defendant were purposeful.

116.     Plaintiff voiced opposition to unlawful employment practices during her employment by Defendant and was the victim of retaliation thereafter, as related in part above, and then she was reprimanded and constructively discharged.

117.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between her reporting of the unlawful employment practices and the adverse employment actions taken against her thereafter.

118.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the

19

enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

### COUNT IX-RETALIATION - ADEA

119.    Paragraphs 1-34 above are re-alleged and incorporated.

120.    This count sets forth a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under 29 U.S.C. §621, et seq.

121.    Specifically and without limitation 29 U.S.C. §623(d) states that "it shall be unlawful for an employer…to discriminate against any individual… [for opposing] any practice made unlawful by this section, or because the person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

122.    The foregoing unlawful actions by Defendant were purposeful.

123.    Plaintiff voiced opposition to unlawful employment practices during her employment by Defendant and was the victim of retaliation thereafter, as related in part above, and then she was reprimanded and constructively discharged.

124.    Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between her reporting of the unlawful employment practices and the adverse employment actions taken against her thereafter.

125.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

### COUNT X-RETALIATION - FCRA

126.    Paragraphs 1-34 above are re-alleged and incorporated.

127.    This count sets forth a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Fla.Stats.

128.    Specifically and without limitation FL Stat § 760.10(7) states that it is "an unlawful employment practice for an employer…to discriminate against any individual [for opposing] any practice which is an unlawful employment practice under this section, or because the person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

129.    The foregoing unlawful actions by Defendant were purposeful.

130.    Plaintiff voiced opposition to unlawful employment practices during her employment by Defendant and was the victim of retaliation thereafter, as related in part above, and then she was reprimanded and constructively discharged.

131.    Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between her reporting of the unlawful employment practices and the adverse employment actions taken against her thereafter.

132.    As a direct and proximate result of the foregoing unlawful acts and omissions,

Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/injunctive relief under this count.

### COUNT XI-FAMILY AND MEDICAL LEAVE ACT-INTERFERENCE

133.    Paragraphs 1-12 and 23-34 above are re-alleged and are incorporated.

134.    This count sets forth a claim for the harassment of Plaintiff during the time she was applying for leave under the FMLA, more specifically for taking actions designed to interfere with and prevent Plaintiff taking leave provided for thereunder. Plaintiff was applying for leave that was authorized by and protected under the FMLA. This is thus an FMLA interference claim resulting in her constructive discharge.

135.    Plaintiff was denied rights and benefits conferred by the FMLA.

136.    Defendant's violations of the FMLA were willful, wanton, and/or malicious.

137.    As a direct and proximate result of Defendant's acts described in part above, Plaintiff has sustained damages for the loss of employment. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/ injunctive relief under this count.

### COUNT XII-FAMILY AND MEDICAL LEAVE ACT- RETALIATION

138.    Paragraphs 1-12 and 23-34 above are re-alleged and are incorporated.

139.    This count sets forth a claim for the harassment of Plaintiff due to her requesting leave time, and for constructively discharging her in retaliation for making that

request and taking time off that should have been authorized under the FMLA. Plaintiff's request for leave was authorized by and protected under the FMLA. This is thus an FMLA retaliation claim.

140.    After Plaintiff requested and attempted to take leave for serious health conditions, Defendant harassed her and took adverse personnel actions against her.

141.    Plaintiff was denied rights and benefits conferred by the FMLA and was constructively discharged after requesting protected leave.

142.    Defendant's violations of the FMLA were willful, wanton, and/or malicious.

143.    As a direct and proximate result of Defendant's acts described in part above, Plaintiff has sustained damages for the loss of employment.  Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is also entitled to equitable/ injunctive relief under this count.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this court take jurisdiction over this cause;

(b)    that this court enter judgment against Defendant and for Plaintiff awarding equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein, and providing other equitable relief to Plaintiff;

(c)    that this court enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages, including  damages for economic loss, to Plaintiff from Defendant for Defendant's  violations of

law enumerated herein;

(d)     that this court enter judgment against Defendant and for Plaintiff

permanently enjoining Defendant from future violations of law

enumerated herein;

(e)     that this court enter judgment against Defendant and for Plaintiff awarding

Plaintiff costs and attorney's fees as allowed by law;

(f)     that this court enter judgment against Defendant and for Plaintiff awarding

Plaintiff interest where appropriate; and

(g)     that this court grant such other and further relief as is just and proper under

the circumstances, including reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted:

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203  North Gadsden St.
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished
by CM/ECF to all counsel of record this 11th day of July, 2019.

/s/ Marie A. Mattox
Marie A. Mattox